TRADE & TRANSPORT,
INC., Plaintiff,

v.

NATURAL PETROLEUM CHARTERERS
INCORPORATED; Isthmus Navigation
M.C.; Global Petroleum Carriers, M.C.;
Nicholas C. Pipilis; UMB Bank and
Trust Company, Defendants.

UMB BANK AND TRUST COMPANY,
Defendant and Third–Party Plaintiffs,

v.

Dr. Constantine N. PAPADOPOULOS,
Third–Party Defendant.

No. 81 Civ. 7649(MP).

United States District Court,
S.D. New York.

June 14, 1990.

John G. Poles, John J. Devine, Jr., Poles, Tublin, Patestides & Stratakis, New York City, for plaintiff.

David Nourse, Nourse & Bowles, New York City, for defendants.

## OPINION

MILTON POLLACK, Senior District Judge.

An application has been presented for entry of a judgment on the Award of arbitrators. The losing party objects on the ground of irregularity in respect to the composition of the panel and seeks a ruling setting aside the Award and that the arbitration be recommenced.

For the reasons shown hereafter, judgment will be ordered to be entered on the Award.

### Background

Clause 29 of the contract of the parties stipulates the governance of arbitration in case of disputes or differences. Pursuant to this agreement, after the dispute herein involved surfaced, each side chose one arbitrator and these two selected a third. Plaintiff chose Mr. Lloyd Nelson. Defendant chose Mr. Frank Crocker. Together these two chose Mr. Manfred Arnold.

On December 18, 1981, this panel of arbitrators, at the request of the parties, complied with a modification of the arbitral submission to decide the issue of liability separately and to set forth its decision in an Award. The panel then reserved their assessment of damages.

It took the parties a lengthy time to prepare the damage claim, and before the proof on damages could be taken, Crocker, the defendant's nominee, died. Mr. Jack Berg thereupon was chosen by the defendant as Crocker's successor. Having an-

nounced its choice of the successor, defendant demanded that Arnold, the neutral choice of the parties, step down and that Berg and Nelson be permitted to choose as a substitute arbitrator a new neutral. The defendant also requested that the whole arbitration start all over again *ab initio* on the issue decided, of liability, as well as the issue of damages. The demand for a totally new arbitration *ab initio* came on for hearing before the Court.

The Court ruled that the death of defendant's nominee to the panel, after finality was reached and announced on the separated issue of liability made by an unanimous ruling thereon during Crocker's lifetime, did not impair a so-styled Partial Final Award. The Court further ruled that by supplying a successor arbitrator for its deceased representative did not give the defendant the option to displace the existing neutral whose choice was made with the concurrence of the defendant's initial representative, Crocker. Nor was defendant's successor arbitrator entitled to the right, for the damage phase of the arbitration, to disregard the choice of the neutral made by defendant's original designee. Defendant also contended that untrue evidence had been submitted to the original panel which would warrant a rehearing on the Award. The Court left it to the panel to decide whether the previous determination of liability would be left intact or if the arbitration should be recommended *ab initio.* The arbitrators by a majority vote, Berg not voting, let stand the finding of liability and decided that the arbitration should not be recommenced and that the damage phase of the bifurcated arbitration should proceed accordingly.

On March 28, 1990, the entire panel with the successor, Berg, on board rendered its final decision on the issue of damages. The majority of the panel awarded Trade & Transport, Inc. the sum of $625,752.01. Berg dissented, in opinion, from a portion of the Award.

On this motion defendant renews the objections heretofore passed upon by the Court when the successor to Crocker, Jack Berg, succeeded Crocker on the panel. Defendant contends that it was beyond the power of the arbitration panel to pass on the issue of damages; that the arbitration Award on liability made at the request of both sides should be set aside; and that an arbitration be recommenced from the beginning on all issues.

*Discussion*

The contract for affreightment contains an arbitration clause providing for the resolution of disputes in a New York forum. Under this agreement, judgment may be entered upon any award made in any court having jurisdiction. (Plf's Ex. A: Clause 29) Accordingly, this Court has jurisdiction for the confirmation of the Arbitration Award. 9 U.S.C. § 9 provides that "if the parties in their agreement have agreed that the judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award...."

The Federal Arbitration Act mandates that the Court must grant an order to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The relevant subsection, 9 U.S.C. § 10(c), provides that the Court may vacate the award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."

Natural Petroleum Charterers contends that it was misconduct or misbehavior for Arnold, the third arbitrator, to refuse to step down from the panel and permit the selection of a new third arbitrator. Mr. Arnold, however, was recognized by the Court to be a legitimate member of the arbitral panel. To be sure, Arnold, together with Nelson and Berg, were instructed by the Court to "proceed with all conve-

nient speed to determine all questions involved in the submission of the parties."

Defendant argues that the death of Crocker necessitates the termination of the existing panel and vacating the final award on liability, made on consent, and requires selection of a new panel. In general, the courts have held that where a vacancy arises on an arbitral board as a result of death, before any Award has been made, the authority of the board is terminated. *Backus–Brooks Co. v. Northern P.R. Co.*, 21 F.2d 4 (8th Cir.), *cert. denied,* 275 U.S. 562, 48 S.Ct. 120, 72 L.Ed. 427 (1927). The case at hand, however, must be differentiated in that the death of Mr. Crocker occurred after the close of the hearing on liability and after a unanimous Award on the submitted issue of liability.

While there seems to be no case on point relating to death after an Award, with damages to determined later, the courts have held that where one of the arbitrators resigns or withdraws after the arbitrators have heard the evidence, and have had the chance to discuss the issues, the remaining arbitrators maintain their authority to make an award. *Colombia v. Cauca Co.*, 190 U.S. 524, 528, 23 S.Ct. 704, 705–06, 47 L.Ed. 1159 (1903) (Holmes, J.) ("We are satisfied, further, that whatever might be the technical rule for three arbitrators dealing with a private dispute, neither party could defeat the operation of the submission, after receiving a large amount of property under it, by withdrawing or adopting the withdrawal of its nominee when the discussions were closed."). By analogy, the death of an arbitrator after an Award on liability should not terminate the authority of the remaining arbitrators to issue an award on damages, particularly where a successor nominated by the defendant has been accepted on the panel. Both Arnold and Nelson had the opportunity to confer with and discuss the open issues with the successor. Together, after hearings duly held, this panel rendered the damage Award by a majority of the Arbitrators, in part with the concurrence of the dissenter.

The Court, pursuant to statutory authority, appointed defendant's nominee, Berg, to succeed Crocker; Berg was selected by the defendant as Crocker's successor in interest. The statute, 9 U.S.C. § 5, provides that:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

The Court instructed the panel including defendant's successor nominee "to determine all questions involved in the submission of the parties, including the effect, if any, to be given to the hearing heretofore had, and the Partial Final Award heretofore rendered by the arbitrators, and whether hearings of the arbitrators shall be limited to the issue of damages." (09/24/85 Decision) This panel, following the Court's instructions, decided by a majority vote not to review the Award on liability and thus confined discussion thereafter to the issue of damages. The original panel expressly put the issue of liability to rest. As reported by the original panel in its Award, "the decision was final with respect to liability with the determination of damages to be dealt with at a later date." (08/10/83 Arbitrators Opinion, p. 5) The successor panel also considered the liability issue closed. As empowered by the Court, the panel acted properly within their discretion in upholding the final Award on liability.

Lastly, defendant claims misconduct by the panel for its failure to hear further evidence relating to Trade's change of laydays for Voyage No. 4. Again, the Court charged the panel with sole discretion to rehear this question on the issue of liabili-

**792**

ty. The panel decided not to reopen the issue of liability and thus rejected further hearing of evidence thereon. Arbitrators have discretion to hear or not hear additional evidence. *Catz American Co. v. Pearl Grange Fruit Exchange, Inc.,* 292 F.Supp. 549, 553 (S.D.N.Y.1968) ("Arbitrators must be given discretion to determine whether additional evidence is necessary or would simply prolong the proceedings.").

### Conclusion

The defendant's objections are overruled. Defendant and its nominee successor in interest to the panel were entitled to one choice of a neutral, not two, and the selection of a neutral having been made by defendant's nominee, that choice was binding on defendant's successor in interest.

Judgment is accordingly granted on the motion to confirm the Awards established by the arbitrators, with appropriate interest to be calculated by the parties and costs to the plaintiff.

SO ORDERED.